IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNION TRUSTEES OF W. PA TEAMSTERS, EMPLOYERS WELFARE FUND, THOMAS N. HEIDER, JOSEPH A. MOLINERO, JAMES W. MCCLELLAND, JR., ALBERT J. RUSH, *and* THOMAS HUCK,<br><br>Plaintiffs,<br><br>v.<br><br>EMPLOYEES OF W.PA TEAMSTERS AND EMPLOYERS WELFARE FUND, WILLIAM J. DILLNER, M. E. DOUTT, ROBERT JACKSON, RAYMOND MILLER, *and* STEPHAN SPOLAR,<br>Defendants. | 2:16-cv-84 |

## MEMORANDUM OPINION

Now pending before the Court are the parties' cross-motions for summary judgment (ECF Nos. 14, 20). The motions have been fully briefed and are ripe for disposition.

**I. Background**

This is an action to appoint an arbitrator under Section 302(c)(5)(B) of the Labor-Management Relations Act, 29 U.S.C. § 186(c)(5)(B). Plaintiffs are the five Union-designated Trustees and Defendants are the five Employer-designated Trustees of a multi-employer employee benefit plan established under Section 302(c)(5)(B). The Employer Trustees and the Union Trustees have equal voting strength. "In the event of a deadlock arising" between the two groups of Trustees, Section 3.15(a) of the Trust Agreement governing the plan provides that the Trustees "may agree upon an impartial umpire to break such deadlock by deciding the dispute in question." If the Trustees cannot agree to an "impartial umpire within a reasonable period of time, then, either group of Trustees . . . may petition the United States District Court for the Western District of Pennsylvania to appoint such impartial umpire." *Id.* Language to this effect must be included in the Trust Agreement in order to comply with Section 302(c)(5)(B). Under

1

Section 3.15(b) of the Trust Agreement, the scope of any proceeding before the impartial umpire is "limited to the provisions of th[e] Trust Agreement . . . . The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of th[e] Trust Agreement . . . ."

The parties' current dispute is just the latest chapter in a saga that has spanned nearly two years. At the Trustees' executive session on December 3, 2014, one of the Employer Trustees moved to pay compensation to eligible Trustees in "the amount of $600.00 per Trustee Sub-Committee Meeting and the amount of $600.00 per monthly Trustee Meeting, to be paid upon the Trustee's attendance at [the] meetings." The vote on the motion resulted in a deadlock, with two Employer Trustees voting in favor of the motion and two Union Trustees voting against it. The Employer Trustees then sought to compel arbitration of the dispute, but the Union Trustees refused, arguing that two of the Employer Trustees, William Dillner and Raymond Miller, were not validly appointed, as they are not employed by a contributing employer to the fund. Thereafter, the fund counsel provided an opinion to the Trustees, in which he opined that the two contested Employer Trustees were validly appointed. Eventually, this dispute became the subject of a separate action before this Court, and the Court sided with the Union Trustees by refusing to appoint an arbitrator. *See Employer Trustees of W. PA Teamsters v. Union Trustees of W. PA Teamsters*, 149 F. Supp. 3d 544 (W.D. Pa. 2016).

Meanwhile, at the Trustees' April 8, 2015, executive session, Union Trustee James McClelland made the following motion, with the apparent hope of disqualifying the two Employer Trustees whom the Union Trustees felt were invalidly appointed:

> Because the employer trustees disagree with the union trustees than an employer trustee must be a full-time employee of a contributing employer to the fund, we shall move to clarify the language of the Trust Agreement so there can be no doubt that [unintelligible] is the intent of this Agreement.
>
> Therefore, I make a motion to *clarify and amend* the Plan document to provide

2

> that employer trustees must be a full-time employee of a contributing employer to the fund . . . .

Defs.' Ex. E at 3 (emphasis added). The vote on the motion resulted in a deadlock, but the Employer Trustees refused to arbitrate the dispute, on the basis that Section 3.15(b) of the Trust Agreement prohibits an arbitrator from "chang[ing] or modify[ing]" the Agreement.

At an executive session of the Trustees on December 2, 2015, McClelland made another motion on the issue, this time "to *clarify and confirm* that the Trust Agreement requires that all Employer Trustees must be a full time employee of a contributing employer to the Fund in order to serve on the Board of Trustees." Once again, the Union Trustees voted in favor of the motion, and the Employer Trustees voted against it, resulting in another deadlock. After the parties failed to agree to appoint an arbitrator, the Union Trustees filed this action. The parties' cross-motions for summary judgment followed. At the time the action was initiated, the parties were also deadlocked on a separate issue involving the payment of attorney's fees, but they have since agreed to arbitrate that issue. Thus, the Court need only consider whether the motion regarding who can serve as an Employer Trustee must be submitted to arbitration.

## II.     Discussion

Under Section 302(c)(5), this Court is empowered "to appoint an impartial umpire, upon petition, in the event the trustees deadlock on an issue of trust fund administration and are unable to agree upon which umpire should resolve the dispute." *Employer Trustees of Graphic Commc'ns Int'l Union, Local 1-B Health & Welfare Fund v. Union Trustees of Graphic Commc'ns Int'l Union, Local 1-B Health & Welfare Fund*, 428 F. Supp. 2d 997, 1002 (D. Minn. 2006). "The compulsory, statutory mechanism of arbitration is triggered once the trustees deadlock on an important aspect of trust administration." *Id.* (citing *Hawkins v. Bennett*, 704 F.2d 1157, 1160 (9th Cir. 1983); *Geigle v. Flacke*, 768 F.2d 259, 262–63 (8th Cir. 1985)). There

3

is no dispute that the parties have reached a deadlock. The critical question, then, is whether the issue over which they are deadlocked involves a matter of "trust administration."

"Determining what constitutes an 'issue of administration' of a trust has preoccupied courts and litigants alike[.]" *Citrin v. Erikson*, 911 F. Supp. 673, 680 (S.D.N.Y. 1996). The Third Circuit Court of Appeals has not defined that phrase. However, other courts that have considered this question have come to "at least three different conclusions." *Id.* at 681.

"The Second Circuit defines an issue of trust administration as any issue which the trustees have authority to decide under the trust agreement." *Id.* (citing *Mahoney v. Fisher*, 277 F.2d 5, 6 (2d Cir. 1960); *Barrett v. Miller*, 276 F.2d 429, 431 (2d Cir. 1960); *Singleton v. Abramson*, 336 F. Supp. 754, 757 (S.D.N.Y. 1971)). Thus, "if the answer sought by the proponent [of the measure] would require action plainly beyond the powers conferred upon the trustees," an arbitrator cannot be appointed. *Barrett*, 276 F.2d at 431. "In other words, while a trustee petitioning for the appointment of an umpire need not demonstrate that his interpretation that the issue was one the trustees could decide is the correct one . . . he must at least establish that it is a possible one." *Id.* at 432. However, "a court need not order arbitration when it is prepared to say 'with positive assurance that the contract is not susceptible to an interpretation to cover the asserted dispute.'" *Id.* (quoting *Local 1912, Int'l Ass'n of Machinists v. U.S. Potash Co.*, 270 F.2d 496, 498 (2d Cir. 1959)).

"In addition to looking to the terms of the Trust Agreement, other circuits[,]" including the Tenth Circuit, "have recognized a distinction between ordinary matters which are considered to constitute administration and extraordinary matters which do not." *Hodges v. Holzer*, 707 F. Supp. 232, 235 (M.D. La. 1988) (citing *Ader v. Hughes*, 570 F.2d 303, 307 (10th Cir. 1978)). In a subsequent case, however, the Tenth Circuit seemingly combined these two approaches,

explaining that "[t]he key issue in determining whether an act is an ordinary act of trust administration is the extent of the trustees' authority." *Employee Trustees of Eighth Dist. Elec. Pension Fund v. Employer Trustees of Eighth Dist. Elec. Pension Fund* 959 F.2d 176, 179 (10th Cir. 1992) (citing *Sandman v. Local Union No. 141*, 705 F.2d 865, 868 (6th Cir. 1983)). As the court explained, "[a]dministrative decisions include only actions that the trustees are empowered to make." *Id.* (citing *Barrett*, 276 F.2d at 431). Likewise, "[t]he Ninth Circuit has combined the foregoing approaches with an examination as to whether the dispute involves a structural deficiency as opposed to day-to-day fiduciary administration of the fund." *Hodges*, 707 F. Supp. at 235 (citing *Hawkins*, 704 F.2d at 1157).

Because the Trust Agreement here provides that an arbitrator may not "change or modify" the Trust Agreement, "these can be characterized as extraordinary functions." *Employee Trustees of Eighth Dist. Elec. Pension Fund*, 959 F.2d at 179. Accordingly, the Court must determine whether the Union Trustees' motion would require an amendment to the Trust Agreement – or a change or modification, in the parlance of the Agreement. "If so, the matter should not be submitted to arbitration." *Id.* at 180. If not, "then it falls within an ordinary act of trust administration" and must be referred to an arbitrator. *Id.*

The Union Trustees claim that the deadlocked motion "merely seeks to clarify terminology used repeatedly throughout the Trust Agreement." Pls.' Reply 5. However, the December 2015 motion – and the Union Trustees' current litigation posture – must be considered in light of the April 2015 motion, in which McClelland moved "to *clarify and amend* the Plan document to provide that employer trustees must be a full-time employee of a contributing employer to the fund . . . ." Defs.' Ex. E at 3 (emphasis added). By initially moving to "clarify and amend" the Trust Agreement, the Union Trustees expressly recognized that the Trust

5

Agreement, as currently drafted, does not require Employer Trustees to be employed by a contributing employer to the fund.

While the Union Trustees may have tweaked the language of their motion out of expedience after the Employer Trustees refused to arbitrate the April 2015 motion, in substance, they are seeking the same result. That is to say, the Court agrees with the Employer Trustees that the Union Trustees' current interpretation of the Trust Agreement is untenable and would require an amendment of the Trust Agreement to implement. Section 1.9 of the Trust Agreement defines "Employer Trustee" as "*any Trustee designated to represent the Employers* in accordance with the provisions of Section 3.1 herein." Defs.' Ex. A at 14 (emphasis added). Section 3.1 states that "[t]he Employer Trustees shall consist of five (5) members appointed as provided by Section 3.4 herein." *Id.* at 18. And Section 3.4, in turn, places no limitations on whom the Employers may appoint to serve as a Trustee. So reading these sections together, an Employer Trustee is defined as "any Trustee designated to represent the Employers," but there is nothing to suggest that the Employer Trustee must himself be an "Employer" as defined by the Agreement – i.e., an Employer or "[a]ny other person(s) who is employed by an Employer[.]"

The Union Trustees' reliance on Section 1.7's definition of "Employer" is misplaced. That section does not define who can serve as an "Employer Trustee." Rather, it merely defines who can participate in the fund. "Employer Trustee" is a separately defined term, which places no limitations on who can serve in that capacity. Concluding otherwise would lead to nonsensical results. Adopting the Union Trustees' argument would mean that an "Employer," itself, as well as a "Union which represents employees of contributing Employers[,]" "[a]ny employers association . . . which represents contributing Employers[,]" and "[a]ny credit union, the majority of whose members are members of a participating Union[,]" among other entities

6

listed in the Agreement's definition of "Employer," could serve as an "Employer Trustee." Not only that, but also, if "Employer Trustee" must be interpreted to mean a "Trustee" who meets Section 1.7's definition of "Employer," then "Union Trustee" would have to be interpreted to mean a "Trustee" who meets Section 1.18's definition of "Union." However, that reading would disqualify the Union Trustees who have brought this action because they, themselves, are not "Unions" as defined by the Agreement. These examples lay bare the implausibility of the Union Trustees' argument. Indeed, it seems quite clear that it is nothing more than a backdoor attempt to remove the two Employer Trustees whose appointments the Union Trustees have contested – something the Agreement expressly forbids them from doing.

Because the Union Trustees' motion would require an amendment to the Trust Agreement, it cannot be referred to arbitration. As the Tenth Circuit has aptly recognized:

> The danger in allowing an umpire to determine the legal effect of a particular provision in a trust agreement is that the balance of rights and duties struck by union and employer representatives may very likely be upset by mistake contrary to the original understanding of the parties. The union trustees hope to upset the balance here, and there is nothing subtle about their attempt. They would rewrite the agreement over the united protests of the employer trustees. Thus, this is not a matter for an umpire. Whatever else may be meant by trust fund "administration," the term does not include decisions to amend or not amend a 302(c)(5) trust agreement.

*Ader*, 570 F.2d at 307.

The Union Trustees alternatively argue that, irrespective of whether the deadlock involves a matter of trust administration, it is arbitrable under the terms of the Trust Agreement. To be sure, at least one court has held that even if a matter is not arbitrable under Section 302(c)(5)(B), it may still be submitted to arbitration under the terms of a broadly phrased arbitration clause in a trust agreement. *See id.* (ordering parties to arbitration where agreement required appointment of umpire to resolve deadlock on "any question" even though Section

7

302(c)(5)(B) did not require it); *but see Barrett v. Miller*, 276 F.2d 429, 430 n. 1 (2d Cir. 1960) (concluding that a provision in a trust agreement that did not track the statutory language nonetheless had "identical import" to the statute). Arguably, the Trust Agreement here sweeps more broadly than Section 302(c)(5)(B), since it omits the phrase "on the administration of such fund" after the word "deadlock." Unlike in *Ader*, however, the Trust Agreement exempts decisions to amend the Agreement from arbitration. Since that is what the Union Trustees' motion would require, it is not arbitrable under the terms of the Trust Agreement, even if they sweep more broadly, in general, than the statute.

### III. Conclusion

Accordingly, for the reasons hereinabove stated, the Union Trustees' motion for summary judgment will be **DENIED**, the Employer Trustees' motion for summary judgment will be **GRANTED**. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNION TRUSTEES OF W. PA TEAMSTERS, EMPLOYERS WELFARE FUND, THOMAS N. HEIDER, JOSEPH A. MOLINERO, JAMES W. MCCLELLAND, JR., ALBERT J. RUSH,** *and* **THOMAS HUCK,**<br>Plaintiffs,<br><br>v.<br><br>**EMPLOYEES OF W.PA TEAMSTERS AND EMPLOYERS WELFARE FUND, WILLIAM J. DILLNER, M. E. DOUTT**, **ROBERT JACKSON**, **RAYMOND MILLER,** *and* **STEPHAN SPOLAR,**<br>Defendants. | 2:16-cv-84 |

## ORDER

**AND NOW**, this 15th day of July, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14) is hereby **DENIED**, and DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT (ECF No. 20) is hereby **GRANTED**. The Clerk of Courts shall docket this case **CLOSED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: Joseph J. Pass, Esq.
Email: jjp@jpilaw.com
Robert F. Prorok, Esq.
Email: rprorok@cohenlaw.com
Carsen N. Ruperto, Esq.
Email: cruperto@cohenlaw.com

(via CM/ECF)